Thomas E. Morrissey, Jr., J.
Proceeding to review the determination of respondent denying a certificate of eviction.
Petitioner sought possession of a four-room rear apartment in subject premises for use and occupancy by the son and daughter-in-law. The latter presently reside in a three-room apartment elsewhere. The application was grounded on the fact that because of the high rent petitioner’s son was paying, the daughter-in-law was compelled to work and that they could not raise a family, and upon the further ground that the son had loaned his father and mother part of the purchase price and that they had promised to rent him an apartment in the premises if he married. The application was opposed on the *1030 ground of bad faith and the fact that there was no immediate and compelling necessity. Just prior to the denial of the application by the local rent administrator, petitioner’s son filed an affidavit in which he claimed his wife was then four months pregnant. The local rent administrator denied the application for failure to establish immediate and compelling necessity. Petitioner filed a protest which was denied, respondent finding that petitioner’s son and his wife were adequately housed and that there was no immediate, compelling necessity. The application was based mainly upon the ground of financial hardship, in that the son was unable to pay the rent without the additional income from his wife’s earnings and that by reason thereof they could not raise a family. Financial hardship does not constitute an immediate and compelling necessity but is a mere matter of convenience (Matter of Goldstein v. McGoldrick, N. Y. L. J., July 9, 1953, p. 53, col. 7; Matter of Zinke v. McGoldrick, N. Y. L. J., March 17, 1954, p. 7, col. 6).
There is sufficient evidence in the record to support the determination of respondent and this court may not substitute its judgment for that of the administrative agency (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1). The petition is dismissed.
Settle order on notice.